FILED

NOT FOR PUBLICATION

JUL 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREE SUSANTO, | No. 08-71586 |
| Petitioner, | Agency No. A097-195-319 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Andree Susanto, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and deny the petition for review.

The record does not compel the conclusion that the attack and robbery Susanto endured, the incident when individuals banged on the gate to his family's property and threw rocks at his home, and the incident when some individuals beat someone at his church, even when considered cumulatively, rise to the level of persecution.  *See id*. at 1059-60; *Khup v. Ashcroft*, 376 F.3d 898, 903-04 (9th Cir. 2004) (finding that where "reasonable minds could differ" on whether a petitioner has endured persecution, "the record does not compel a finding that it does").  In addition, even as a member of a disfavored group, the record does not compel the conclusion that Susanto demonstrated a sufficiently individualized threat of persecution to establish a well-founded fear of persecution.  *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004).  Further, the record also does not compel the conclusion that there is a pattern or practice of persecution against ethnic Chinese Christians in Indonesia.  *See Wakkary*, 558 F.3d at 1060-62.  Accordingly, Susanto's asylum claim fails.

Because Susanto failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

08-71586

Finally, substantial evidence supports the agency's finding that Susanto did not establish a clear probability of torture upon return to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, his CAT claim fails.

**PETITION FOR REVIEW DENIED.**